# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREPOINTE INSURANCE COMPANY, | Civil Action No.: 3:22-cv-114 |
| Plaintiff, | |
| v. | |
| SHAMA EXPRESS LLC, MOHAMMED AKBARI, and DILAWAR ALI SHAH | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## PURSUANT TO 28 USC §2201

Plaintiff, CorePointe Insurance Company ("CorePointe"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment and in support thereof avers as follows:

**I.    PARTIES**

1. CorePointe is a corporation organized and existing under the laws of the State of Delaware. CorePointe's principal place of business is located at 59 Maiden Lane, 43rd Floor, New York, New York.

2. Defendant Shama Express LLC ("Shama") is a Limited Liability organized and existing under the laws of the State of Ohio. Shama's principal place of business is located at 1014 Commerce Drive, Grafton, OH 44044.

3. Upon present information and belief, members of Shama Express LLC are residents of Ohio.

4. Upon present information and belief, Shama regularly conducts business in Pennsylvania.

5. Defendant Mohammed Akbari ("Akbari") is an adult individual and citizen of the State of Ohio, residing at 5934 Stumph Road, Apt. 408, Parma, Ohio 44130.

6. Defendant Deilawar Ali Shah ("Ali Shah", collectively with Shama and Akbari, "the Shama Defendants") is an adult individual and citizen of the State of Ohio, residing at 1301 Warren Road, 3rd Floor, Lakewood, Ohio 44107.

## II. JURISDICTION AND VENUE

7. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. §1332, as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

8. Jurisdiction is also founded upon the provisions of 28 U.S.C. §2201 for the entry of a Declaratory Judgment.

9. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2).

10. Venue in this district is proper pursuant to 28 U.S.C. §1391(d).

## III. FACTS

11. This matter arises out of a lawsuit filed by Emily M. Burns ("Burns" or "Underlying Plaintiff") against defendants, including the Shama Defendants, in the Pennsylvania Court of Common Pleas for Philadelphia County, Case ID: 211002177 (the "Underlying Lawsuit").

12. Burns filed a Complaint against defendants, including the Shama Defendants, on October 27, 2021 (the "Underlying Complaint"), a true and accurate copy of which is attached as Exhibit "A".

13. The Underlying Complaint alleges that Burns is bringing suit on her own behalf and as Administratrix of the Estate of Matthew T. Burns for injuries sustained as result of an automobile collision that occurred on December 20, 2020, shortly before 4:36 a.m. at Interstate 80 in Pine Township, Clearfield County, Pennsylvania.

14. Burns alleges that Akbari and/or Ali Shah were operating a 2016 Volvo motor vehicle with VIN: 4V4NC9EH3GN940049 and a Hyundai Trailers trailer with Tennessee license plate number U523807, owned by Shama and/or by another defendant, BSE Trailer Leasing, L.L.C., within the scope of their employment by Shama, at the time of the accident.

15. Burns alleges causes of action for Negligence, Wrongful Death Act, Survival Act, and Negligent Infliction of Emotional Distress, against the Shama Defendants.

16. The Underlying Lawsuit was removed to the United States District Court for the Eastern District of Pennsylvania and then transferred to the United States District Court for the Western District of Pennsylvania, Case No.: 2:22-cv-0013-MPK.

17. On December 2, 2021, the Shama Defendants filed an Answer and Affirmative Defenses to the Underlying Complaint, a true and accurate copy of which is attached as Exhibit "B".

18. The Shama Defendants admitted that Shama owned the Volvo motor vehicle with VIN: 4V4NC9EH3GN940049 ("the Shama Truck") on the date of the accident.

19. The Shama Defendants also admitted that Akbari and Ali Shah were agents of Shama on the date of the accident.

20. Upon present information and belief, BSE Trailer Leasing, L.L.C. owned the Hyundai Trailers trailer with Tennessee license plate number U523807 on the date of the accident.

21. Upon present information and belief, the Hyundai Trailers trailer with Tennessee license plate number U523807 ("the Amazon Trailer") was leased by BSE Trailer Leasing, L.L.C. to Amazon.com, Inc. on the date of the accident.

22. Upon present information and belief, Shama entered into a delivery services agreement with Amazon.com, Inc.

23. Upon present information and belief, Shama was performing services pursuant to its agreement with Amazon.com, Inc. at the time of the accident.

24. Upon present information and belief, Shama agreed to pick up the Amazon Trailer at Carlisle, Pennsylvania and deliver it to Twinsburg, Ohio.

25. Upon present information and belief, the accident occurred while the Shama Truck was carrying the Amazon Trailer on its way from Carlisle, Pennsylvania to Twinsburg, Ohio. See a true and accurate copy of Akbari's Driver's Daily Log dated December 20, 2020 attached as Exhibit "C".

26. CorePointe Insurance Company issued a non-trucking insurance policy to Shama Express LLC, Policy No. CIC1002223-00-NT (the "CorePointe Primary Policy"), a true and accurate copy of which is attached as Exhibit "D".

27. The CorePointe Primary Policy's insuring agreement provides, in relevant part, as follows:

**BUSINESS AUTO COVERAGE FORM**

\*\*\*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

A. **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this

insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

28. The CorePointe Primary Policy contains a Motor Carriers – Insurance for Non-Trucking Use endorsement which provides, in relevant part, as follows:

**MOTOR CARRIERS – INSURANCE FOR NON-TRUCKING USE**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

\*\*\*

**Covered Autos Liability Coverage** for a covered "auto" described in the Schedule is changed as follows:

1. The following exclusions are added:

    This insurance does not apply to:

    **a.** A covered "auto" while used to carry property in any business.

    **b.** A covered "auto" while used in the business of anyone to whom the "auto" is rented.

2. Who Is An Insured does not include anyone engaged in the business of transporting property by "auto" for hire who is liable for your conduct.

29. "Auto" is defined as follows:

**SECTION V – DEFINITIONS**

\*\*\*

**B.** "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

5

    **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment".

30. CorePointe is defending the Shama Defendants under a complete reservation of rights for claims asserted against them in the Underlying Lawsuit.

31. CorePointe also issued an excess liability policy to Shama with Policy Number CIC1002223-00-EX (the "CorePointe Excess Policy", collectively with the CorePointe Primary Policy, the "CorePointe Policies"), a true and accurate copy of which is attached as Exhibit "E".

32. The CorePointe Excess Policy provides, in relevant part, as follows:

**COMMERCIAL EXCESS LIABILITY COVERAGE FORM**

\*\*\*

The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

33. "Controlling underlying insurance" is defined as "any policy of insurance or self-insurance listed in the Declarations under the Schedule of 'controlling underlying insurance'."

34. The Schedule of Controlling Underlying Insurance lists the CorePointe Primary Policy.

35. Upon present information and belief, Shama is insured by Prime Insurance Company, Policy No. SC20102488-0 for liability relating to its business trucking activities. See Certificate of Liability Insurance dated November 2, 2020 attached as Exhibit "E".

36. Upon present information and belief, the Shama Defendants are also being defended by Prime Insurance Company in the Underlying Lawsuit.

## COUNT I
## DECLARATORY JUDGMENT

37. CorePointe hereby incorporates, by reference, all of the allegations set forth in its preceding paragraphs as if set forth at length herein.

38. The CorePointe Primary Policy excludes coverage for the Shama Truck "while used to carry property in any business".

39. Upon present in formation and belief, the Shama Truck was used to carry the Amazon Trailer in Shama's business at the time of the accident.

40. Therefore, coverage is not available under the CorePointe Primary Policy for claims asserted against the Shama Defendants in the Underlying Lawsuit.

41. The CorePointe Excess Policy follows the same provisions, conditions, and limitations of the CorePointe Primary Policy, therefore coverage is also not available under the CorePointe Excess Policy.

**WHEREFORE**, Plaintiff, CorePointe Insurance Company, requests that this Honorable Court grant judgment in its favor and declare that:

(1) The CorePointe Policies do not afford coverage for the claims asserted against the Shama Defendants in the Underlying Lawsuit; and

(2) CorePointe has no duty to defend or to potentially indemnify the Shama Defendants for claims asserted against them in the Underlying Lawsuit.

**O'HAGAN MEYER PLLC**

BY:    */s/ John P. Morgenstern*
          John P. Morgenstern (Attorney ID: 80014)
          Gavin Fung (Attorney ID: 318709)
          1717 Arch Street, Suite 3910
          Philadelphia, PA 19103
          Tel: (215) 461-3300
          Fax: (215) 461-3311
          JMorgenstern@ohaganmeyer.com
          GFung@ohaganmeyer.com

          Attorneys for Plaintiff,
          CorePointe Insurance Company

Date: July 12, 2022